In The
United States District Court
For the Western District of Missouri
Western Division

Marvin T. Glover,
　　Petitioner

v.

United States of America,
　　Respondent

Docket No.
19-cr-00288-01-BP
23-cv-00140-W-BP-P

Petitioner's Reply to the Government's response of the Petitioner's motion pursuant to 28 U.S.C. § 2255

Comes now the petitioner, Marvin T. Glover pro-se, in the above captioned matter, submitting this instant reply to the Government's response of the petitioner's motion pursuant to 28 U.S.C. § 2255.

Subsequent to the Government's response, the petitioner moved the Court for an enlargement of time in which to submit a reply. The court granted the petitioner's request, ordering that the reply be filed no later than May 8, 2023.

This reply is therefore timely filed.

In any event, in support of this instant Reply the petitioner offers the following for the Court's review.

— 1 —

# I Procedural Posture

The petitioner assumes the parties familiarity with the Procedural posture and the Facts associated with this instant matter therefore, in the interest of Judicial economy the petitioner will forgo reciting them anew.

# II Incorporation

The petitioner respectfully requests that all claims made, issues raised, authorities cited, etc... in the petitioners opening brief with respect to his motion pursuant to 28 U.S.C. § 2255, be hereby incorporated by reference and therefore made part of this Brief.

# III Discussion

1. In spite of the Governments vehement contentions in its efforts to maintain a conviction, their arguments, in opposition to the petitioners are without merit and should therefore be duly dismissed.

(i) The petitioner continues to maintain that he had no possessory interest where the contraband was discovered.

As an initial matter the Government has not produced, identified, or presented to this Court, one iota of evidence

-2-

that would indicate that the petitioner had any possessory interest in the property or the room. The Government could not claim that the petitioner "actually" owned the property wherein the contraband was located.

The Governments only other option is "Constructive Possession." In this Circuit, constructive possession is established if the person has dominion or control over the premises where the contraband is located or control ownership or dominion over the contraband itself, United States v Coleman 909 F.3d 925 (8th cir 2018). In most cases, according to this circuit, dominion and control and knowledge may be inferred where a defendant has exclusive possession of the premises where the contraband is found, United States v Redley 580 F.3d 682 (8th cir 2009).

However, where the defendant, as this petitioner, did not own or occupy the premises, or where the premises were jointly occupied, it takes more evidence of knowledge and control to prove constructive possession, United States v Ways 832 F.3d 887 (8th cir 2016)

It is well established In this circuit that a "mere connection" to the residence is not enough[1]

---

[1] Ways 832 F.3d at 898

The Government here doesn't even have a mere connection.

By the Governments own admission

"... Surveillance observed Piereeson frequenting a residence at 3345 Kensington Avenue in Kansas City Missouri."[2]

The Response continues

"... on October 30, 2018 a confidential source purchased approximately half a gram of cocaine base for $40.00 from Glover at the Kensington Residence..."[3]

The Government goes on to say

"... officers detained Glover when he emerged from the southwest bedroom and recovered $1,693.00 from Glover's person..."[4]

If all of the above statements collectively or taken individually the Government proves Neither a mere connection, Nor more importantly, dominion and control

In the end, the Government Never presented any evidence that the house, the Southwest bedroom, the firearm

---

[2] please see Govt response Doc No. 7 pg 2
[3] Id
[4] Id

or the drugs were in actual possession of the petitioner or that the petitioner exercised dominion and control over the premises, the bedroom, the firearm or the drugs.

To place it in a different perspective, Had the petitioner argued that the evidence discovered by the Government should have been suppressed because of an infirmity, the Government would certainly argue that the petitioner had no standing because the petitioner had NO possessory interest in the premises. (United States v Simmons 2021 U.S. Dist. Lexis 158619 (WD MO July 8, 2021) the Government alleged that the defendant lacked standing to challenge the GPS Tracking devices on the Durango as he was a mere passenger of the vehicle and had no possessory interest or expectation of privacy.)[5]

Therefore, with no possessory interest in the premises and no constructive possession in the premises, the Southwest Room, the contraband found in the room ... and now on the petitioner himself, the Government could not allege that the contraband was in fact or belonged to the petitioner.

---

[5] See also United States v Muhammed 58 F.3d 353 (8th cr 1995) and United States v Ramsey 17-CR-124 (2017 WL 417 4525 at *6 (D.M.n Aug 10 2017) Holding that a defendant must present at least some evidence of consent or permission from the lawful owner/renter to give rise to objectively reasonable expectation of privacy.

The petitioner or within the dominion or control of the petitioner, The petitioner could not have possessed the drugs found in the Room.

The same holds true for the firearm discovered.

As an initial matter, the Government states in its response That on October 3, 2018, a confidential source purchased approximately half a gram of cocaine base for $40.00 from Glover at the Kensington Residence.[6] The Government Goes on To state that, "the source informed that a black handgun was on a glass table in the living room of the residence in plain view during the purchase."[7]... If that is truly the Case. In any event, this purported handgun was not discovered a the Kensington Residence on the day of the search. For the same reasons that the drugs found in the Southwest Room of the house must be dismissed, otherwise because the petitioner didn't have possession, so must the handgun.

In its futile attempt to prove that the §924(e) enhancement should remain, the Government states in its response

" ... A DNA analysis revealed that Glover was included as a major contributor to the DNA on The firearms grip."[8]

---

6 Doc No. 7 page 2
7 Id
8 Doc. No. 7 page 3

Furthermore the Government states:

> "...The analysis determined that it was 15 octillion times more likely to be observed if Glover and two unknown individuals were the contributors of the DNA recovered from the grip of the firearm than if three unknown individuals were the contributors"[9]

If this matter was not so serious, the Government's response would be laughable.

What does the DNA on the hand grip prove?

That the petitioner may have held, at one point, the firearm? He is not a previously convicted felon so holding a firearm was not a crime, so the petitioner may have held the firearm at some point.

Does holding a firearm at some point prove proximity?

Does holding a firearm at some point prove a nexus between the firearm and the drugs?

Does holding a firearm at some point prove protection of drugs?

Does holding a firearm at some point prove in furtherance of a drug trafficking offense?

The fingerprints, which is evidently the silver bullet to the

---

9 Id

Government is an indication that the petitioner held the firearm at some point... nothing more.

The fingerprints on the firearm doesn't indicate or demonstrate possession actual or constructive. The Government, in its response, or from the Beginning of this matter, did NOT demonstrate that the petitioner possessed a firearm in furtherance of a drug trafficking offense. If the fingerprints demonstrate anything at all, it demonstrates that at some point the petitioner handled the firearm.

Fingerprints do not demonstrate possession.
Fingerprints do not demonstrate proximity.
Fingerprints do not demonstrate protection.
Fingerprints do not demonstrate in Furtherance of.

The Government, therefore in its response did not prove or demonstrate that Counsel for the petitioner was effective; rather, the futile attempt by the Government to establish a 3924(c) enhancement served only to substantiate the petitioners claim that Counsel was ineffective in advising the petitioner to plead guilty.

Yes, the petitioner entered into a plea agreement, yes, the petitioner pleaded guilty to the aforementioned offenses, But he did so upon the incorrect advice of Counsel.

Had counsel conducted his investigation of this matter properly, counsel would have discovered that the petitioner

For all of the argued reasons, was not in possession of the drugs or the firearm and therefore should not have advised the petitioner to plead guilty.

## IV Conclusion

Wherefore, for all of the aforementioned reasons, the petitioner respectfully requests that this court order an evidentiary hearing on this matter

Respectfully Submitted

*Marvin T. Glover*
Marvin T. Glover
Petitioner
Pro-se

Certificate of Service

I hereby certify that a copy of the foregoing reply was mailed on this __4th__ day of May, 2023 postage pre-paid, First class mail addressed to

    Kenneth Borgnino
    AUSA
    400 East. 9th Street
    Rm 5510
    Kansas City, MO 64106

I further certify that the above is true and correct subject to the penalty of perjury pursuant to 28 U.S.C. § 1746

So sworn this __4th__ day of May 2023

*/s/ Marvin T. Glover*

Marvin T. Glover
# 34461-045
FCI Yazoo
Low 11
PO Box 5000
Yazoo city, MS 39194

F.C.I. Yazoo City Low II
MARVIN T. GLOVER #34461-045
D3-232L
P.O. Box-5000
Yazoo City, MS. 39194

Legal mail

The Honorable Clerk of the Court
U.S. District Court
400 East 9th Street
Kansas City, MO. 64106

RECEIVED
2023 MAY -8 PM 3:46
CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO

64106-260785